UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL LEON SMALLS,

               Petitioner,

-against-

ROBERT MORTON,

               Respondent.

19-CV-4220 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, currently incarcerated in Downstate Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. By order dated June 17, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended petition within sixty days of the date of this order.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Tragath v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

## BACKGROUND

On June 22, 2016, the New York Supreme Court, New York County, convicted Petitioner on his plea of guilty to conspiracy in the fourth degree and criminal sale of a firearm in the first degree and sentenced him to 15 years' incarceration. Petitioner filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 seeking modification of his sentence. His sole ground for relief is that the sentence imposed by the court is excessive. He states: "The court should [r]educe Carl Smalls's 15-year sentence for this [f]irst-time offense in light of his young age, strong family ties, employment history, expressions of [r]emorse, and the [d]isproportionately lesser sentences imposed on his co-[d]efendants." (Pet. at 5.) Petitioner raised this ground on direct appeal. *See People v. Smalls*, 90 N.Y.S.3d 529 (Mem) (App. Div. 1st Dep't Jan. 24, 2019), *leave to appeal denied*, 33 N.Y.3d 954 (N.Y. Mar. 18, 2019). He did not file a post-conviction petition or motion in the state court.

## DISCUSSION

A petitioner in custody pursuant to a state court judgment may seek a writ of *habeas corpus* under § 2254 "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Rule 2(c) of the Rules Governing § 2254 Cases requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition for federal *habeas corpus* relief must permit the Court and the respondent to comprehend

both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

The current petition does not conform to Rule 2(c)'s requirements. Petitioner's ground for challenging his sentence does not raise a constitutional issue. A challenge to the term of a sentence is not a violation of the Eighth Amendment if the sentence falls within the statutory range. *Mason v. Duncan*, No. 02-CV-5729 (KMW) (RLE), 2011 WL 2519212, at *6 (S.D.N.Y. Mar. 18, 2011), *report and recommendation adopted*, 2011 WL 2518964 (S.D.N.Y. June 23, 2011); *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) ("No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law."). Unless a trial court arbitrarily sentences a defendant excessively, a *habeas corpus* petitioner generally cannot collaterally challenge a statutorily authorized sentence. *See*, *e.g.*, *Mason*, 2011 WL 2519212, at *7 ("The Eighth Amendment does not require strict proportionality between crime and sentence, but rather forbids only extreme sentences that are grossly disproportionate to the crime.") (citing *United States v. Bullock*, 550 F.3d 247, 252 (2d Cir. 2008)). Because Petitioner was sentenced to a period of incarceration of 15 years, which is within the statutory range for criminal sale of a firearm in the first degree, a Class B felony, *see* N.Y. Penal Law §§ 265.13, 70.00(2)(b), his claim of an excessive sentence does not raise a federal constitutional issue.

**LEAVE TO AMEND**

Considering Petitioner's *pro se* status, the Court grants Petitioner leave to amend his petition within sixty days of the date of this order. In the amended petition, Petitioner must set forth facts concerning his federal constitutional grounds for relief and clearly describe the ruling or decision that he seeks to challenge and state why that ruling or decision is unlawful. He must also explain what steps, if any, he has taken to exhaust the available remedies, or describe how

3

the available remedies were inadequate to challenge the decision or order at issue. *See Gonzalez v. Perrill*, 919 F.2d 1, 1 (2d Cir. 1990) (per curiam) ("It is well-settled that an appellant must exhaust his administrative remedies before seeking habeas corpus relief in the federal courts."). *See* 28 U.S.C. § 2254(b)(1). Petitioner is advised that an amended petition completely replaces the original petition.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket and to mail a copy of this order to Petitioner. Petitioner is directed to file an amended petition that complies with the standards set forth above. Plaintiff must submit the amended petition to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as "Amended Petition," and label the document with docket number 19-CV-4220 (LLS). An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order. Once submitted, the Court shall review the amended petition for substantive sufficiency, and then, if proper, the Court will reassign the case to a district judge in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the Court will deny the petition.

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, the Court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

4

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 18, 2019
New York, New York

                                                          */s/ Louis L. Stanton*
                                                             Louis L. Stanton
                                                                  U.S.D.J.

**AMENDED** _____ Civ. _____ (  )

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

| Petitioner (include the name under which you were convicted)   Respondent (authorized person having custody of petitioner) |
|---|
| v. |

| The Attorney General of the State of |
|---|

**PETITION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. In this case, were you convicted on more than one count or of more than one crime? ❒ Yes ❒ No

5. Identify all crimes of which you were convicted and sentenced in this case:

6. (a) What was your plea? (Check one)
   - ❒ (1) Not guilty   ❒ (3) Nolo contendere (no contest)
   - ❒ (2) Guilty   ❒ (4) Insanity plea

  (b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

  (c) If you went to trial, what kind of trial did you have? (Check one)

   ❏ Jury  ❏ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

  ❏ Yes  ❏ No

8.  Did you appeal from the judgment of conviction?

  ❏ Yes  ❏ No

9.  If you did appeal, answer the following:

 (a) Name of court:

 (b) Docket or case number (if you know):

 (c) Result:

 (d) Date of result (if you know):

 (e) Citation to the case (if you know):

 (f) Grounds raised:

 (g) Did you seek further review by a higher state court?  ❏ Yes  ❏ No

  If yes, answer the following:

 (1) Name of court:

 (2) Docket or case number (if you know):

 (3) Result:

 (4) Date of result (if you know):

    (5) Citation to the case (if you know):

    (6) Grounds raised:

   (h) Did you file a petition for certiorari in the United States Supreme Court? ❏ Yes   ❏ No

    If yes, answer the following:

    (1) Docket or case number (if you know):

    (2) Result:

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ❏ Yes   ❏ No

11. If your answer to Question 10 was "Yes," give the following information:

 (a) (1) Name of court:

   (2) Docket or case number (if you know):

   (3) Date of filing (if you know):

   (4) Nature of the proceeding:

   (5) Grounds raised:

   (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

   ❏ Yes   ❏ No

   (7) Result:

   (8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❐   Yes    ❐   No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❒ Yes ❒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ❒ Yes ❒ No

(2) Second petition: ❒ Yes ❒ No

(3) Third petition: ❒ Yes ❒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

　　(1) If you appealed from the judgment of conviction, did you raise this issue?　❐ Yes　❐ No

　　(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

　　(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

　　　　❐ Yes　❐ No

　　(2) If your answer to Question (d)(1) is "Yes," state:

　　Type of motion or petition:

　　Name and location of the court where the motion or petition was filed:

　　Docket or case number (if you know):

　　Date of the court's decision:

　　Result (attach a copy of the court's opinion or order, if available):

　　(3) Did you receive a hearing on your motion or petition?　❐ Yes　❐ No
　　(4) Did you appeal from the denial of your motion or petition?　❐ Yes　❐ No
　　(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?　❐ Yes　❐ No
　　(6) If your answer to Question (d)(4) is "Yes," state:

　　Name and location of the court where the appeal was filed:

　　Docket or case number (if you know):

　　Date of the court's decision:

　　Result (attach a copy of the court's opinion or order, if available):

　　(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)    **Direct Appeal of Ground Two:**
       (1) If you appealed from the judgment of conviction, did you raise this issue?        ❒  Yes      ❒  No
       (2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**
       (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
              ❒   Yes      ❒   No
       (2) If your answer to Question (d)(1) is "Yes," state:
       Type of motion or petition:
       Name and location of the court where the motion or petition was filed:

       Docket or case number (if you know):
       Date of the court's decision:

AO 241 Page 9
(Rev. 10/07)

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❏ Yes  ❏ No

(4) Did you appeal from the denial of your motion or petition?  ❏ Yes  ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❏ Yes  ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c)  **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❐ Yes  ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❐ Yes  ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?  ❐ Yes  ❐ No
(4) Did you appeal from the denial of your motion or petition?  ❐ Yes  ❐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❐ Yes  ❐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**
    (1) If you appealed from the judgment of conviction, did you raise this issue? ❏ Yes ❏ No
    (2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings**:
    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
        ❏ Yes ❏ No
    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:



(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

   (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ❐ Yes  ❐ No

   If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

   (b) Is there any ground in this petition that has not been presented in some state or federal court?  If so, ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?  ❐ Yes  ❐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ❐ Yes  ❐ No

   If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

    (e) On appeal:

    (f) In any post-conviction proceeding:

    (g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?  ❐ Yes  ❐ No

    (a) If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:

    (c) Give the length of the other sentence:

    (d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?  ❐ Yes  ❐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

    (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

        (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

        (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

  (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.